## GARNIER v. ROSSMAN.

### (District Court, E. D. Missouri, E. D.   March 5, 1912.)

#### No. 5,980.

TRADE-MARKS AND TRADE-NAMES (§ 3*)—WORDS SUBJECT TO TRADE-MARK.
    The word "Abricotine," used in connection with the sale of a cordial
or liqueur, was an arbitrary coined word, not descriptive of the goods,
and was therefore a proper subject of trade-mark.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
Dig. §§ 4–7; Dec. Dig. § 3.*

    Arbitrary, descriptive, or fictitious character of trade-marks and trade-
names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.]

Bill by Caroline Henrietta Garnier against Tekla Rossman and an-
other for infringement of trade-mark.* Decree for complainant.

A. Parker Smith and James L. Hopkins, for complainant.
James A. Carr and Albert C. Davis, for defendant Tekla Rossman.

DYER, District Judge.  On the 28th of August, 1911, this bill was
filed against Tekla Rossman and Frederick Rossman. Subsequently
by stipulation of parties the bill was dismissed as to Frederick Ross-
man, who it appears was a minor.

The bill in substance alleges that about the year 1872 one Paul
Garnier, a citizen of France, adopted as a trade-mark and trade-name,
for use in connection with the sale of a cordial or liqueur manufac-
tured and sold by him, the arbitrary coined word "Abricotine," and
thereafter used the same as a trade-mark and trade-name down to the
time of his death; that thereafter Andre Garnier succeeded by in-
heritance to said business, and to the exclusive right and privilege of
using said trade-mark and trade-name, and continued to use the same
down to his death; that thereafter the complainant (who is the widow
of the said Andre Garnier) succeeded to the business and to the
good will thereof, with the exclusive right to use said trade-mark and
trade-name "Abricotine" in connection with the sale of cordial or
goods of the same descriptive properties; and that she has continued
the business of making the kind of cordial that her said predecessors
had made, under the trade-mark "Abricotine," and caused all packages
containing said cordial to be plainly marked with the word "Abrico-
tine," etc.

The complainant further states that the said trade-mark was duly
registered by her predecessors as provided for under the laws of the
French Republic, and that the same has been in actual use as a trade-
mark for more than ten years next preceding the act of February 20,
1905 (33 Stat. 724, c. 592 [U. S. Comp. St. Supp. 1909, p. 1275]). It
is further averred that complainant's immediate predecessor caused the
same to be registered in the Patent Office at Washington on the 6th
of November, 1906, and that thereafter complainant herself caused
said trade-mark to be registered at Washington on the 1st of Novem-
ber, 1910. The complainant then alleges that the defendant has been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and is now engaged in the manufacture and sale of a cordial or liqueur, and marking packages containing the same, with the word "Abricotine." This the complainant claims is an infringement of her trade-mark, or trade-name, and prays that the defendant be enjoined from its further use, etc.

The defendant denies that the plaintiff has the sole and exclusive right of selling cordials or liqueurs marked with the word "Abricotine," and denies that the word "Abricotine" has been used as a trade-mark, and that whatever use complainant made of the word was *merely descriptive* of her goods, etc. The defendant denies that either of complainant's alleged trade-marks are valid, as giving her the exclusive use of the name "Abricotine."

The evidence in this case consists of a stipulation as to certain facts. The real and controlling question in the case hinges upon the word "Abricotine." If it be such a word as the complainant could adopt as a trade-mark or trade-name, then she is entitled to recover in this proceeding. There is no doubt but that the defendant has used and is continuing to use the trade-mark (if it be a trade-mark) of the complainant. This word "Abricotine" is not found in our dictionaries, and as far as I have been able to find is not found in the French dictionaries either. The defendant insists that the word "Abricotine" is *purely descriptive of complainant's goods,* and not therefore capable of being a valid trade-mark. Upon the other hand, complainant contends that the word "Abricotine" is a *coined word* and is not descriptive of the goods to which it is applied. With this latter contention the court agrees. The complainant's trade-mark is valid. The defendant has infringed it.

A decree as prayed for in the bill will be entered.